**THE SORENSON LAW FIRM, LLC**
ATTORNEYS AT LAW
950 W. ELLIOT ROAD, SUITE 226
TEMPE, AZ 85284
TELEPHONE: (480) 839-9500
FAX: (480) 839-9508
Wade@SorensonLaw.Net

Wade R. Causey, AZ Bar No. 012084
*Attorneys for Defendant Werner Co.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher M. Milner and Catherene A. Milner, husband and wife, | Case No. |
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION** |
| vs. | **JURY TRIAL DEMANDED** |
| Werner Co., a foreign corporation; New Werner Co., a foreign corporation; Old Ladder Co., a foreign corporation; Werner Ladder Inc., a foreign corporation; Home Depot U.S.A., Inc., a foreign corporation; Black and White Companies I-X; and John and Jane Does I-X; as individuals or entities, | Trial Date:  None Set |
| Defendants. | |

## <u>NOTICE OF REMOVAL</u>

**TO THE HONORABLE JUDGES AND CLERKS OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA.**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C.A. § 1332, Defendant Werner Co. ("Defendant") hereby removes the above-entitled action to this Court based on the following supporting grounds.  The Defendant, appearing solely for the purpose of this removal and for no other purpose, and preserving all other defenses available to it, states as follows:

1.     On March 14, 2022, a Complaint was filed against the Defendant in Maricopa County Superior Court, Arizona captioned *Christopher M. Milner and Catherine A. Milner, husband and wife v. Werner Co., a foreign corporation; New Werner Co., a foreign corporation; Old Ladder Co., a foreign corporation; Werner Ladder Inc., a foreign corporation; Home Depot U.S.A., Inc., a foreign corporation; Black and White Companies I-X; and John and Jane Does I-X, as individuals or entities*, Case No. 2022-003227 (the "State Court Action").

2.     Service of the summons and the Complaint was effectuated May 26, 2022 upon The Corporation Trust Company, Wilmington, DE, the Statutory Agent for the Defendant.

3.     This Court has original jurisdiction of this civil action pursuant to 28 U.S.C.A. § 1332(a)(1) based on amount in controversy and diversity of citizenship. Plaintiff seeks an amount in controversy in excess of $75,000.00. Plaintiff is a resident of Phoenix, Arizona, Maricopa County. Defendant Werner Co. is incorporated in the State of Delaware with a principal place of business located at 555 Pierce Road, Suite 300, Itasca, IL 60143, USA. Pursuant to 28 U.S.C.A. § 1332(c)(1), Defendant Werner Co. is a resident of Delaware.

4.     Pursuant to 28 U.S.C.A. § 1446(a) and LRCIV 3.6(b), the undersigned counsel for the Defendant, hereby verifies that true and complete copies of all pleadings and other documents filed in the State Court Action are filed herewith.

5.     Pursuant to 28 U.S.C.A. § 1446(d) and LRCIV 3.6(a), a copy of this Notice of Removal has been filed with the Clerk of the Superior Court in and for the County of Maricopa, Arizona.

6.     Pursuant to 28 U.S.C.A. § 1446(d), after the filing of this Notice of Removal, the Defendant shall give written notice thereof to Plaintiff's counsel.

1

2     RESPECTFULLY SUBMITTED this 20th day of June, 2022.

3                                              **THE SORENSON LAW FIRM, LLC**

4

5                                              By:  /s/ Wade R. Causey

6                                                   Wade R. Causey,
                                                    *Attorneys for Defendant Werner Co.*

7
      Filed electronically this 20th day of
8     June, 2022 at ecf.azb.uscourts.gov:

9
      **COPY** of the foregoing emailed/mailed
10    this same day to:

11
      Bobby O. Thrasher, Jr., Esq.
12    TRASHER LAW, PLLC
      518 East Willetta Street
13    Phoenix, AZ 85004
      bthasher@thrasherlaw.com
14    *Attorney for Plaintiffs*

15

16    By: /s/Carolyn G. Emson

17

18

19

20

21

22

23

24

25

26

27

28



CT Corporation
**Service of Process Notification**
05/26/2022
CT Log Number 541647136

## Service of Process Transmittal Summary

TO:     Paula Larsen
        WERNER CO.
        61 EXECUTIVE CT, NORTH BUILDING
        WEST MIDDLESEX, PA 16159-3070

RE:     **Process Served in Delaware**

FOR:    Werner Co.  (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| TITLE OF ACTION: | Re: CHRISTOPHER M. MILNER and CATHERINE A. MILNER, husband and wife // To: Werner Co. |
| CASE #: | CV2022003227 |
| NATURE OF ACTION: | Product Liability Litigation - Breach of Warranty |
| PROCESS SERVED ON: | The Corporation Trust Company, Wilmington, DE |
| DATE/METHOD OF SERVICE: | By Process Server on 05/26/2022 at 14:33 |
| JURISDICTION SERVED: | Delaware |
| ACTION ITEMS: | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780117943435 |
| | Image SOP |
| | Email Notification,  Paula Larsen  Palarsen@wernerco.com |
| | Email Notification,  William Tidwell  tidwewd@wernerco.com |
| REGISTERED AGENT CONTACT: | The Corporation Trust Company |
| | 1209 Orange Street |
| | Wilmington, DE 19801 |
| | 866-539-8692 |
| | CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Clerk of the Superior Court
*** Electronically Filed ***
D. Hill, Deputy
3/14/2022 7:55:48 PM
Filing ID 14048455

Person/Attorney Filing: Bobby O Thrasher JR
Mailing Address: 518 E. Willetta St.
City, State, Zip Code: Phoenix, AZ 85004
Phone Number: (602)324-4684
E-Mail Address: bthrasher@thrasherlaw.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 018661, Issuing State: AZ

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
### IN AND FOR THE COUNTY OF MARICOPA

Christopher M Milner, et al.
Plaintiff(s),
v.
Werner Co., et al.
Defendant(s).

Case No. **CV2022-003227**

**SUMMONS**

To: Werner Co.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

AZturboCourt.gov Form Set #G023995

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *March 14, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *DENISE HILL*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #6022996

2

Clerk of the Superior Court
*** Electronically Filed ***
D. Hill, Deputy
3/14/2022 7:55:48 PM
Filing ID 14048452

Bobby O. Thrasher, Jr., State Bar No. 018661
**THRASHER LAW PLLC**
518 East Willetta Street
Phoenix, Arizona  85004
Telephone: (602) 324-4684
Facsimile:  (602) 324-4685
E-mail: bthrasher@thrasherlaw.com

*Attorneys for Plaintiffs*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| CHRISTOPHER M. MILNER and CATHERINE A. MILNER, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>WERNER CO., a foreign corporation; NEW WERNER CO., a foreign corporation; OLD LADDER CO., a foreign corporation; WERNER LADDER INC., a foreign corporation; HOME DEPOT U.S.A., INC., a foreign corporation; BLACK AND WHITE COMPANIES I-X; and JOHN and JANE DOES I-X, as individuals or entities,<br><br>Defendants. | No.   CV2022-003227<br><br>**COMPLAINT**<br><br>**(Product Liability – Strict Liability, Negligence and Breach of Warranty)**<br><br>(Tier 3) |

**COMES NOW** Plaintiffs Christopher M. Milner and Catherine A. Milner (the "Plaintiffs"), by and through their undersigned counsel, and for their cause of action against the Defendants, state as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Christopher M. Milner ("Plaintiff" and/or "Christopher") is a married man residing in Maricopa County, Arizona.

2.      Catherine A. Milner ("Catherine," and collectively with Christopher the "Plaintiffs") is a married woman residing in Maricopa County, Arizona.

3.      Plaintiffs are husband and wife acting on behalf of the marital community.

4.      Defendant Werner Co. is a foreign corporation and has its principal place of business in Greenville, PA and/or Itasca, IL.

5.      Defendant New Werner Co. is a foreign corporation and has its principal place of business in Greenville, PA

6.      Old Ladder Co. is a foreign corporation and has its principal place of business in Greenville, PA.

7.      Werner Ladder Inc., is a foreign corporation.

8.      Defendants Werner Co., New Werner Co., Old Ladder Co. and/or Werner Ladder Inc., (collectively "Werner"), are in the business of design, manufacture, assembling, testing, inspection, certification, marketing, distribution and/or the sale of ladders.

9.      Werner designed, manufactured, assembled, tested, inspected, certified, marketed, distributed and/or sold the Werner Advanced Performance Type 1 - Model No. FS108 Mk 10 8ft Non-Conductive Fiberglass Side Rails ladder that is the subject of this incident (the "Ladder").

- 2 -

10.    At all times material hereto Werner was generally and regularly conducting business in the State of Arizona, County of Maricopa.

11.    Christopher purchased the Ladder at the Home Depot U.S.A., store located at 9890 North 90th Street Scottdale, Arizona on or about April 10, 2019.

12.    Defendant Home Depot U.S.A., Inc., ("Home Depot") is a foreign corporation and has its principal place of business in Atlanta, GA.

13.    At all times material hereto Home Depot was generally and regularly conducting business in the State of Arizona, County of Maricopa.

14.    At all times material hereto Home Depot was engaged in the business of distribution, sale, packaging, preparing, marketing and/or otherwise participating in the placing of ladders including the Ladder that is the subject of this lawsuit (Werner Advanced Performance Type 1 - Model No. FS108 Mk 10 8ft Non-Conductive Fiberglass ladder) into the stream of commerce.

15.    At all times material hereto Defendants Werner and Home Depot acted in concert and combination as parent/subsidiaries, as joint venturers, as agents of one another and/or as alter egos of one another and or/or otherwise in the design, manufacture, sales, distribution and marketing of the Ladder and/or component parts of the Ladder described herein.

16.    Defendants Black and White Companies I-X are companies that are believed to design, manufacture, assemble, inspect, distribute, market and sell ladders and/or their

- 3 -

components parts, including the Ladder (Werner Advanced Performance Type 1 - Model No. FS108 Mk 10 8ft Non-Conductive Fiberglass ladder) described herein.

17.     At all times material hereto Black and White Companies I-X acted in concert and combination as parent/subsidiaries, as joint venturers, as agents of Defendants named herein and/or as alter egos of one another in the design, manufacture, sales, distribution, and marketing of the Ladder (Werner Advanced Performance Type 1 - Model No. FS108 Mk 10 8ft Non-Conductive Fiberglass ladder) and/or its component parts.

18.     Defendants Black and White Companies I-X are believed to be generally and regularly conducting business in Arizona.  The present identities for the Black and White Companies I-X are unknown to Plaintiffs and are therefore named fictitiously.  Each of the allegations contained herein against the named Defendants are also being alleged against Black and White Companies I-X for purposes of this Complaint.  Plaintiffs will request leave of the Court to insert the true identity of any such Defendants when discovered as if correctly named originally and who are liable for all or part of Plaintiffs' claims herein.

19.     Defendants, John and Jane Does I-X, as individuals or entities ("Does"), and the unknown heirs and devisees of any of the Does, as natural persons, who may be deceased, with a singular or plural, or fictitious names designating an individual or individuals, masculine or feminine, or legal entities, whose present identities are unknown to Plaintiffs.  Each of the allegations contained herein against the named Defendants are also being alleged against Does for purposes of this Complaint.   Plaintiffs will request leave of

- 4 -

the Court to insert the true identity of any such Doe defendant when discovered as if correctly named originally and who are liable for all or part of Plaintiffs' claims herein.

20.     Defendants solicited, delivered, marketed and/or sold their products and/or utilized employees, brokers, and/or agents to solicit, deliver, market and/or sell their products (including the products that are the subject of Plaintiffs' Complaint) in the stream of commerce throughout the United States of America, including, but not limited to, Maricopa County, Arizona.

21.     Defendants have caused or allowed acts or events to occur in Maricopa County, Arizona out of which this action arises.

22.     Plaintiffs incurred damages in an amount exceeding the minimum jurisdictional limit of this Court.

23.     The totality of Plaintiffs' damages qualifies as Tier 3 in accordance with Ariz. R. Civ. P. 8(b)(2) and 26.2 (c)(3)(C).

24.     This Court has jurisdiction over this action under A.R.S. § 12-123 and under Article VI, § 14 of the Arizona Constitution.

25.     Venue is proper in this Court under A.R.S. § 12-401.

**GENERAL ALLEGATIONS**

26.     At all relevant times, Defendants acted through their agents and employees for the acts and omissions complained of in this Complaint.

27.     Plaintiffs are the owners of the Ladder that is the subject of this action.

28.     On or about April 10, 2019, Christopher purchased the Ladder at the Home Depot store located at 9890 North 90th Street Scottdale, Arizona.

29.     On or about March 15, 2020, in Maricopa County Christopher used the Ladder as intended and exercised all due care when one of the legs of the Ladder suddenly and unexpectedly separated and/or fractured causing the Ladder to collapse and Christopher to fall.

30.     The impact from the fall caused injuries to Christopher.

31.     After the March 15, 2020, incident with the Ladder Plaintiffs notified Werner following which Werner responded on September 29, 2020.

32.     Defendants designed, fabricated, tested, manufactured, assembled, inspected, certified, supplied, distributed, marketed and/or sold the Ladder.

33.     Defendants defectively and/or negligently designed, manufactured, distributed, marketed and/or sold the Ladder.

34.     Defendants' acts and failure to take action caused damages to Plaintiffs including severe and permanent physical injury, medical expenses, future medical expenses, financial and personal injury damages including among other things extreme mental and emotional distress, pain and suffering that will continue into the future.

35.     Jurisdiction in this Court is proper as to Defendants because Defendants had a reasonable expectation that they would be hailed in any court within these United States, including a court in the State of Arizona, by reason of injection of its products and services into the stream of commerce.

- 6 -

36.     Plaintiffs make no federal claim, either express or implied, and relies solely upon laws of the State of Arizona.

37.     It does not offend traditional notions of fair play and substantial justice to require Defendants to defend themselves in the State of Arizona.

38.     The context, ties and relations of Defendants are sufficient to exercise personal jurisdictional within the state courts of Arizona.

## COUNT I

**(Strict Product Liability – Werner,
Black and White Companies I-X, John and Jane Does I-X)**

39.     Plaintiffs hereby incorporate by reference all prior and subsequent allegations in this Complaint as though fully set forth herein.

40.     Defendants designed, fabricated, tested, manufactured, assembled, inspected, certified, supplied, distributed, marketed and/or sold the Ladder.

41.     Defendants placed the Ladder into the stream of commerce.

42.     The Ladder was expected to reach the user or consumer, such as Plaintiffs, without substantial change in the condition in which it was sold.

43.     The Ladder did reach the Plaintiffs without substantial change in the condition in which it was sold.

44.     At the time of the incident on or about March 15, 2020, Plaintiffs used the Ladder for its intended purpose (without knowledge of any defects) and in a manner foreseeable to Defendants when it failed causing injury to Christopher.

- 7 -

45.    At the time that Defendants placed the Ladder into the stream of commerce it was defective, unfit and unreasonably dangerous for its intended and foreseeable use.

46.    Defendants are strictly liable in tort to Plaintiffs.

47.    Defendants' defective design and manufacture of the Ladder caused it to suddenly and unexpectedly separate, fracture, collapse and/or fail causing Christopher to fall and suffer injuries.

48.    In addition to Defendants' defective design and manufacture, the Ladder was defective due to inadequate warnings and/or instructions concerning its use.

49.    Plaintiffs relied on the skill and judgment of Defendants to ensure that the Ladder would be suitable for the purposes that Plaintiffs would use it.

50.    It was economically, technologically and practically feasible at the time the Ladder was designed, manufactured, sold and placed in the stream of commerce to provide proper warnings of the risks associated with the Ladder.

51.    It was economically, technologically and practically feasible at the time the Ladder was designed, manufactured, sold and placed in the stream of commerce to design, manufacture and sell the Ladder in a manner not prone to sudden and unexpected failure under the circumstances described in this Complaint.

52.    As a direct and proximate result of the defective and unreasonably dangerous condition of the Ladder Plaintiffs sustained damages.

53.    Plaintiffs are informed and believe that Defendants were (through its officers, directors and managers) on notice of the defects and unreasonably dangerous condition

- 8 -

alleged in this case and to be proven at trial and that the damages sustained by Plaintiffs could occur.   Nonetheless these defects and dangerous conditions were not corrected by Defendants nor did Defendants warn the public or its customers about these defects and the risks posed.  Instead, Defendants deliberately and intentionally concealed such information from the public. Upon information and belief, Defendants' actions were done for pecuniary gain and to avoid costly lawsuits, recalls and redesigns.   Such acts and/or omissions constitute willful, wanton, reckless and malicious behavior and/or a conscious disregard for substantial risk that such conduct might threaten a life like that of Plaintiffs.

54.     Plaintiffs are accordingly entitled to punitive damages against Defendants.

## COUNT II

### (Negligence – Werner,
### Black and White Companies I-X, John and Jane Does I-X)

55.     Plaintiffs hereby incorporate by reference all prior and subsequent allegations in this Complaint as though fully set forth herein.

56.     Defendants were negligent in the planning, design, manufacture, assembling, testing, inspection, certification, marketing, distribution and/or sale of the Ladder.

57.     Defendants were also negligent in their failure to warn and/or instruct its customers with respect to proper use of the Ladder.

58.     Defendants had a duty to Plaintiffs and their customers to exercise reasonable and ordinary care in the planning, design, manufacture, assembling, testing, inspection, certification, marketing, distribution and/or sale of the Ladder as well as to provide adequate warnings and instructions considering the use of the Ladder.

59.     Defendants breached these duties to Plaintiffs by planning, designing, manufacturing, assembling, testing, inspecting, certificating, marketing, distributing and/or selling to Plaintiffs the Ladder with an unreasonably dangerous propensity to fail and that such failure could foreseeably result in the damages suffered by Plaintiffs.

60.     Defendants further breached their duty to Plaintiffs by failing to provide adequate warnings and/or instructions concerning the proper use of the Ladder and the associated dangers with its use.

61.     Defendants further breached their duty to Plaintiffs by failing to promptly recall the Ladder or take other appropriate remedial action.

62.     Upon information and belief Defendants knew or should have known that the Ladder was unreasonably dangerous and was not as warranted and/or represented by Defendants.

63.     As a direct and proximate result of the negligence of Defendants Plaintiffs suffered damages.

64.     Upon information and belief Plaintiffs is informed and believes that Defendants (through its officers, directors and managers) knew or should have known about the negligence alleged in this Complaint and that catastrophic failure and damages could result.  Nonetheless Defendants did not take measures to remedy its negligence, nor did it warn the public or consumers like Plaintiffs about this negligence and the risks.  Instead, Defendants deliberately and intentionally concealed such information from the public. Upon information and belief, Defendants' actions were done for pecuniary gain and to

- 10 -

avoid costly lawsuits, recalls and redesigns. Such acts and/or omissions constitute willful, wanton, reckless and malicious behavior and/or a conscious disregard for substantial risk that such conduct might threaten a life like that of Plaintiffs.

65.     Plaintiffs are accordingly entitled to punitive damages against Defendants.

## COUNT III

**(Breach of Warranties – Werner,
Black and White Companies I-X, John and Jane Does I-X)**

66.     Plaintiffs hereby incorporate by reference all prior and subsequent allegations in this Complaint as though fully set forth herein.

67.     Defendants warranted the Ladder to be free of defects at the time of delivery which warranties are express warranties within the meaning of A.R.S. § 47-2313 *et seq*.

68.     Defendants is a merchant pursuant to A.R.S. § 47-2313, *et seq*.

69.     As a "merchant" Defendants impliedly warranted that the Ladder was adequately designed, manufactured, distributed and/or sold and would pass without objection in the trade, was fit and merchantable for its ordinary use, or not otherwise injurious to consumers and was adequately contained, packaged and labeled.

70.     Because of the undisclosed, unreasonably dangerous propensity of the Ladder to fail the Ladder could not pass without objection in the trade, was unsafe, unmerchantable and unfit for its ordinary use when sold, was not adequately contained, packaged and/or labeled and threatened to injure or harm consumers like Plaintiffs.

71.     Defendants further breached these express and implied warranties by offering for sale, and selling as safe, a ladder by design, manufacture and lack of appropriate

- 11 -

warnings and/or instructions that was unreasonably dangerous and likely to cause injury to the public and consumers like Plaintiffs.

72.     As a direct and proximate result of Defendants' breach of these express and implied warranties Plaintiffs incurred and suffered damages.

73.     Plaintiffs are informed and believe that Defendants were on notice of the defects and unreasonably dangerous conditions alleged in this Complaint and to be proven at trial and that the damages Plaintiffs suffered could occur.  Nonetheless, these defects and dangerous conditions amounting to breach of warranties were not corrected by Defendants, nor did Defendants warn the public or its customers about these defects and the risks posed. Instead, Defendants deliberately and intentionally concealed such information from the public. Upon information and belief, Defendants' actions were done for pecuniary gain and to avoid costly lawsuits, recalls and redesigns. Such acts and/or omissions constitute willful, wanton, reckless and malicious behavior and/or a conscious disregard for substantial risk that such conduct might threaten a life like that of Plaintiffs.

74.     Plaintiffs are accordingly entitled to punitive damages against Defendants.

## COUNT IV

**(Strict Product Liability – Home Depot and Black and White Companies I-X, John and Jane Does I-X)**

75.     Plaintiffs hereby incorporate by reference all prior and subsequent allegations in this Complaint as though fully set forth herein.

76.     Defendants were engaged in the business of distribution, sale, packaging, preparing, marketing and/or otherwise participating in the placing of ladders including the

Ladder that is the subject of this lawsuit (Werner Model No. FS108 Mk 10 8ft Non-Conductive Fiberglass ladder) into the stream of commerce.

77.     Defendants sold the Ladder to Christopher on or about April 10, 2019.

78.     The Ladder was defective at the time Defendants sold it to Plaintiffs.

79.     At the time of the incident on March 15, 2020, Christopher used the Ladder for its intended purpose (without knowledge of any defects) and in a manner foreseeable to Defendants.

80.     As a result of its defective condition the Ladder suddenly and unexpectedly separated, fractured, collapsed and/or failed causing Christopher to fall and suffer injuries.

81.     The Ladder was expected to reach the user or consumer, such as Christopher, without substantial change in the condition in which it was sold.

82.     The Ladder did reach Christopher without substantial change in the condition in which it was sold.

83.     At the time that Defendants placed the Ladder into the stream of commerce its condition was defective, unfit and unreasonably dangerous for its intended and foreseeable use.

84.     In addition to defective design and manufacture the Ladder was defective due to inadequate warnings or instructions concerning its use.

85.     Defendants are strictly liable in tort to Plaintiffs.

- 13 -

86.     At the time that this incident occurred Plaintiffs were relying on the skill and judgment of Defendants to ensure that the Ladder would be suitable for the purposes that Christopher would use it.

87.     It was economically, technologically and practically feasible at the time the Ladder was designed, manufactured, sold and placed in the stream of commerce to provide proper warnings of the risks associated with the Ladder.

88.     It was economically, technologically and practically feasible at the time the Ladder was designed, manufactured, sold and placed in the stream of commerce to design, manufacture and sell the Ladder in a manner not prone to sudden and unexpected failure under the circumstances described in this Complaint.

89.     As a direct and proximate result of the defective and unreasonably dangerous condition of the Ladder Plaintiffs sustained damages.

## COUNT V

**(Negligence – Home Depot and Black and White Companies I-X,
John and Jane Does I-X)**

90.     Plaintiffs hereby incorporate by reference all prior and subsequent allegations in this Complaint as though fully set forth herein.

91.     Defendants were engaged in the business of distribution, sale, packaging, preparing, marketing and/or otherwise participating in the placing of ladders including the Ladder that is the subject of this lawsuit (Werner Model No. FS108 Mk 10 8ft Non-Conductive Fiberglass ladder) into the stream of commerce.

- 14 -

92.     Defendants were negligent in the distribution, sale, packaging, preparing, and/or marketing of the Ladder.

93.     Defendants were also negligent in its failure to warn and/or instruct its customers with respect to proper use of the Ladder.

94.     Defendants had a duty to Plaintiffs and its customers to exercise reasonable and ordinary care in the distribution, sale, packaging, preparing and/or marketing of the Ladder as well as to provide adequate warnings and instructions considering the use of the Ladder.

95.     Defendants breached these duties to Plaintiffs by distributing, selling, packaging, preparing and/or marketing the Ladder with an unreasonably dangerous propensity to fail due to defective and/or negligent design and/or manufacture failure that could foreseeably result in the damages suffered by Plaintiffs.

96.     Defendants further breached their duty to Plaintiffs by failing to provide adequate warnings and/or instructions concerning the proper use of the Ladder and the associated dangers with its use.

97.     Defendants further breached their duty to Plaintiffs as a result of its negligent marketing, distribution and/or sale of the Ladder.

98.     Defendants further breached their duty to Plaintiffs by failing to promptly recall the Ladder or take other appropriate remedial action.

99.     Upon information and belief Defendants knew or should have known that the Ladder was unreasonably dangerous and was not as warranted and represented by Defendants.

100.    As a direct and proximate result of the negligence of Defendants Plaintiffs suffered damages.

## COUNT VI

### (Breach of Warranties – Home Depot, Black and White Companies I-X, John and Jane Does I-X)

101.    Plaintiffs hereby incorporate by reference all prior and subsequent allegations in this Complaint as though fully set forth herein.

102.    Defendants warranted the Ladder to be free of defects at the time of delivery which warranties are express warranties within the meaning of A.R.S. § 47-2313 *et seq.*

103.    Defendants are merchants pursuant to A.R.S. § 47-2313, *et seq.*

104.    As a "merchant" Defendants impliedly warranted that the Ladder was adequately designed, manufactured, distributed and/or sold and would pass without objection in the trade, was fit and merchantable for its ordinary use, or not otherwise injurious to consumers and was adequately contained, packaged and labeled.

105.    Because of the undisclosed, unreasonably dangerous propensity of the Ladder to fail the Ladder could not pass without objection in the trade, was unsafe, unmerchantable and unfit for its ordinary use when sold, was not adequately contained, packaged and/or labeled and threatened to injure or harm consumers like Plaintiffs.

- 16 -

106.   Defendants further breached these express and implied warranties by offering for sale, and selling as safe, a ladder by design, manufacture and lack of appropriate warnings that was unreasonably dangerous and likely to cause injury to the public and consumers like Plaintiffs.

107.   As a direct and proximate result of Defendants' breach of these express and implied warranties Plaintiffs incurred and suffered damages.

## COUNT VII

### (Loss of Consortium – All Defendants)

108.   Plaintiffs hereby incorporates by reference all prior and subsequent allegations in this Complaint as though fully set forth herein.

109.   As a direct and proximate cause of Defendants' negligence and tortious conduct, strict liability Plaintiffs have suffered a continuing injury to their marital relationship, including loss of emotional support, love, affection, care, services, companionship as well as assistance from Christopher.

## DAMAGES

**WHEREFORE**, Plaintiffs prays for judgment against Defendants for such sum of money within the jurisdiction of the Court and for full and complete compensation; for general and special damages; for punitive damages; for the losses that have been sustained in this matter, as well as any future losses, interest conferred pursuant to statute; costs and reasonable attorneys' fees and for such other and further relief as the Court or jury may deem just and proper in this matter.

Dated this 14th day of March, 2022.

THRASHER LAW PLLC

By: /s/ Bobby O. Thrasher Jr.
      Bobby O. Thrasher, Jr.
      518 East Willetta Street
      Phoenix, Arizona 85004
      *Attorney for Plaintiffs*

Clerk of the Superior Court
*** Electronically Filed ***
D. Hill, Deputy
3/14/2022 7:55:48 PM
Filing ID 14048454

Person/Attorney Filing: Bobby O Thrasher JR
Mailing Address: 518 E. Willetta St.
City, State, Zip Code: Phoenix, AZ 85004
Phone Number: (602)324-4684
E-Mail Address: bthrasher@thrasherlaw.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 018661, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

Christopher M Milner, et al.
Plaintiff(s),
v.
Werner Co., et al.
Defendant(s).

Case No. **CV2022-003227**

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Maricopa County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By: Bobby O Thrasher JR /s/
Plaintiff/Attorney for Plaintiff

Clerk of the Superior Court
*** Electronically Filed ***
M. Saldana, Deputy
3/15/2022 5:25:43 PM
Filing ID 14054016

1 Bobby O. Thrasher, Jr., State Bar No. 018661
2 **THRASHER LAW PLLC**
  518 East Willetta Street
3 Phoenix, Arizona 85004
4 Telephone: (602) 324-4684
  Facsimile: (602) 324-4685
5 E-mail: bthrasher@thrasherlaw.com
6
  *Attorney for Plaintiffs*
7
8            **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
9              **IN AND FOR THE COUNTY OF MARICOPA**
10
11 CHRISTOPHER M. MILNER and          No. CV2022-003227
   CATHERINE A. MILNER, husband and wife,
12
                    Plaintiffs,         **DEMAND FOR JURY TRIAL**
13
   vs.                                  (Assigned to the Honorable
14                                       Christopher Coury)
15 WERNER CO., a foreign corporation;
   NEW WERNER CO., a foreign
16 corporation; OLD LADDER CO., a
   foreign corporation; WERNER
17 LADDER INC., a foreign corporation;
   HOME DEPOT U.S.A., INC., a foreign
18 corporation; BLACK AND WHITE
   COMPANIES I-X; and JOHN and
19 JANE DOES I-X, as individuals or
   entities,
20
21
                    Defendants.
22
23
24      Plaintiffs, by and through undersigned counsel, hereby demand a trial by jury on all
25 triable issues in the above-captioned matter.  This demand is made pursuant to Rule 38,
26 Ariz. R. Civ. P.
27
28

Dated this 15th day of March 2022

THRASHER LAW PLLC

By:  /s/ Bobby O. Thrasher Jr.
     Bobby O. Thrasher, Jr.
     518 East Willetta Street
     Phoenix, Arizona 85004
     *Attorney for Plaintiffs*

- 2 -